

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

    Plaintiff,

    v.

Launce B. Kramer, *et al.*,

    Defendants.

Case No. 2:14-cv-2651

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

The United States of America ("Plaintiff") brings this action to collect from Launce B. Kramer ("Launce"),[1] individually, the unpaid balance of assessments of federal income taxes, penalties, and interest for tax years 1999, 2006, 2007, 2008, and 2009, and the unpaid 26 U.S.C. § 6702 penalties for tax years 1999, 2006, 2007, and 2012, for a total of $182,605.80, plus interest from and after December 1, 2015. Plaintiff also seeks to collect from Launce and Carmen C. Kramer ("Carmen," and together, "Defendants"), jointly and severally, the unpaid balance of assessments of federal income taxes, penalties, and interest for tax years 2010 and 2011, for a total of $73,956.30, plus interest from and after December 1, 2015. Plaintiff seeks a declaration that tax liens have attached to certain property in Washington County, Ohio, and seeks to enforce the liens through a judicial sale of the property. Plaintiff moves for summary judgment, ECF No. 33, and Defendants

---

[1] Because Defendants have the same last name, the Court distinguishes between them by referring to each Defendant by their first name.

move to dismiss, ECF No. 30. For the following reasons, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendants' motion.

## I. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cnty. Dept. of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

## II. ANALYSIS

> In pursuing recovery based on an assessment, plaintiff is awarded an initial presumption of correctness for its assessment, placing the burden of disproving such assessment on the taxpayer. The taxpayer usually has the burden of producing evidence to refute the validity of an assessment. In addition, the taxpayer has the burden of persuasion by a preponderance of the evidence that the assessment is not correct.

*United States v. Banks*, No. 2:08-cv-638, 2010 WL 3365922, at *2 (S.D. Ohio Aug. 24, 2010) (internal quotation marks and citations omitted).

In support of its motion for summary judgment, Plaintiff submitted a declaration from IRS Revenue Officer Elizabeth Granados ("Granados"), Granados Decl., ECF No. 33-3, and various IRS transcripts for the pertinent tax periods, Trans., ECF Nos. 33-4–33-14. In her declaration, Granados states that she has reviewed the IRS's records of Defendants, that her statements are based on her review of the records, and that the filed transcripts reflect the assessments made against Defendants. Granados Decl. ¶¶ 1–2, ECF No. 33-3. She also certifies that the transcripts are true and correct copies of IRS's official records. *Id.* ¶ 2.

She further states that the records show that on the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments against Launce for unpaid federal income taxes, penalties, and interest for the following taxable years, in the following amounts, with the following balances due (with accrual and costs), as of December 1, 2015:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 12/1/2015 |
|---|---|---|---|---|
| 12/31/1999 | Tax | 06/14/2004 | $20,997.00 | $66,954.88 |
| | Estimated Tax Penalty | 06/14/2004 | $1,008.36 | |
| | Late Filing Penalty | 06/14/2004 | $4,724.33 | |
| | Interest | 06/14/2004 | $7,939.19 | |
| | Failure To Pay Tax Penalty | 06/14/2004 | $5,249.25 | |
| | Interest | 12/09/2013 | $24,292.76 | |
| 12/31/2006 | Tax | 11/24/2008 | $2,418.00 | $4,079.48 |
| | Interest | 11/24/2008 | $283.56 | |
| | Interest | 12/09/2013 | $538.38 | |
| | Failure To Pay Tax Penalty | 12/09/2013 | $604.50 | |
| 12/31/2007 | Tax | 08/01/2011 | $29,001.00 | $53,515.33 |
| | 26 U.S.C. § 6662 Accuracy Penalty | 08/01/2011 | $5,800.20 | |
| | Interest | 08/01/2011 | $5,367.78 | |
| | Interest | 12/09/2013 | $3,012.89 | |
| | Failure To Pay Tax Penalty | 12/09/2013 | $7,250.24 | |
| 12/31/2008 | Tax | 02/07/2011 | $7,082.00 | $12,478.84 |
| | 26 U.S.C. § 6662 Accuracy Penalty | 02/07/2011 | $1,416.00 | |
| | Interest | 02/07/2011 | $630.90 | |
| | Interest | 12/09/2013 | $860.49 | |
| | Failure To Pay Tax Penalty | 12/09/2013 | $1,770.50 | |
| 12/31/2009 | Tax | 10/25/2010 | $6,884.99 | $11,435.32 |
| | Late Filing Penalty | 10/25/2010 | $1,621.25 | |
| | Interest | 10/25/2010 | $173.27 | |
| | Interest | 12/09/2013 | $875.74 | |
| | Failure To Pay Tax Penalty | 12/09/2013 | $1,621.24 | |

Granados Decl. ¶ 3, ECF No. 33-3.

Additionally, Granados states that the records show that on the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments against Launce and Carmen for unpaid federal income taxes,

penalties, and interest for the following taxable years, in the following amounts, with the following balances due (with accrual and costs), as of December 1, 2015:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 12/1/2015 |
|---|---|---|---|---|
| 12/31/2010 | Tax | 05/09/2011 | $29,434.02 | $41,015.87 |
| | Failure To Pay Tax Penalty | 05/09/2011 | $144.39 | |
| | Interest | 05/09/2011 | $76.05 | |
| | Interest | 12/09/2013 | $2,472.25 | |
| | Failure To Pay Tax Penalty | 12/09/2013 | $7,074.91 | |
| 12/31/2011 | Tax | 05/13/2013 | $20,051.00 | $32,940.43 |
| | Estimated Tax Penalty | 05/13/2013 | $396.96 | |
| | Late Filing Penalty | 05/13/2013 | $4,511.47 | |
| | Failure To Pay Tax Penalty | 05/13/2013 | $1,303.31 | |
| | Interest | 05/13/2013 | $804.83 | |

*Id.* ¶ 4.

With respect to the 26 U.S.C. § 6702 penalties, Granados states that a delegate of the Secretary of the Treasury of the United States made the following assessments against Launce for the following taxable years, in the following amounts, with the following balances due (with accrual and costs) as of December 1, 2015:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 12/1/2015 |
|---|---|---|---|---|
| 12/31/1999 | 26 U.S.C. § 6702 | 07/06/2009 | $5,000.00 | $11,336.26 |
| | Interest | 12/09/2013 | $825.29 | |
| | 26 U.S.C. § 6702 | 12/15/2013 | $5,000.00 | |
| 12/31/2006 | 26 U.S.C. § 6702 | 05/12/2008 | $5,000.00 | $6,564.12 |
| | Interest | 12/09/2013 | $1,177.94 | |
| 12/31/2007 | 26 U.S.C. § 6702 | 12/27/2010 | $5,000.00 | $5,826.51 |
| | Interest | 12/09/2013 | $490.82 | |
| 12/31/2012 | 26 U.S.C. § 6702 | 04/28/2014 | $5,000.00 | $10,415.06 |
| | 26 U.S.C. § 6702 | 10/20/2014 | $5,000.00 | |

*Id.* ¶ 5.

Granados also declares that the records reveal that a delegate of the Secretary of Treasury issued notices of the liabilities described above, and made demands for payment of the same, to Launce and Carmen, who have failed to fully pay the liabilities. *Id.* ¶¶ 6–7. Finally, she declares the records show that after the application of all abatements, payments, credits, accruals, and costs, Launce remains individually liable for a total of $182,605.80, plus interest from and after December 1, 2015, and Launce and Carmen remain jointly and severally liable for a total of $73,956.30, plus interest from and after December 1, 2015. *Id.*

Defendants, who appear to be part of the "sovereign citizen" movement, offer no evidence in response to Plaintiff's motion for summary judgment. Rather, Defendants argue this Court lacks jurisdiction over the case and that the Court should not grant summary judgment for Plaintiff based on the declaration and transcripts because Plaintiff has failed to file either Forms 23-C summary records or Forms 4340 Certificates of Assessments and Payments. Moreover, Defendants'

"amended response" to Plaintiff's summary judgment motion, ECF No. 52, is untimely, and the Court does not consider it.

The Court rejects Defendants' jurisdictional challenge. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. §§ 7402, 7403. Defendants argue that federal district courts such as this one have jurisdiction only over cases arising in territory that belongs to the United States (the District of Columbia) and that Washington County, Ohio, does not belong to the United States. That argument is based on Defendants' contention that this Court is an Article IV court, rather than an Article III court. Defendants' contention that this Court is not an Article III court is baseless, *United States v. Cerna*, Nos. 94-1433, 94-1437, 1994 WL 542757, at *2 (6th Cir. Oct. 4, 1994) ("Even though Congress created both the federal district and appellate courts through legislation, they are Article III courts under the Constitution because they were created under that article's mandate."), and Defendants' citation to Article IV, Section 3, clause 2 of the United States Constitution as the basis of this Court's jurisdiction is incorrect. Defendants need not reside in the District of Columbia in order for this Court to exercise jurisdiction over this case. *Cf. United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) ("[D]efendant argues that the District Court lacked jurisdiction over him because he is solely a resident of the State of Michigan and not a resident of any 'federal zone' and is therefore not subject to federal income tax laws. This argument is completely without merit and patently frivolous.").[2] This Court has jurisdiction over this case,

---

[2] *Mundt* was a criminal case, but its language aptly highlights the frivolity of Defendants' argument as presented in this civil case.

and venue is proper as Washington County, Ohio, falls within the Southern District of Ohio, Eastern Division.[3]

Additionally, Defendants have not met their burden of refuting the validity of the assessment. Defendants contend that the Court cannot be sure that the assessment is valid because Plaintiff has failed to file either Forms 23-C summary records or Forms 4340 Certificates of Assessments and Payments.

"[T]he summary record and certificate of assessments and payments prepared by the IRS are adequate to establish a nexus between the plaintiffs and the underlying assessments . . . ." *Gentry v. United States*, 962 F.2d 555, 558 (6th Cir. 1992). That they are adequate does not mean that they are necessary, however, and this Court has granted summary judgment to the United States in another case on the basis of the same type of evidence presented here. *See United States v. Banks*, 2:08-cv-638, 2010 WL 3365922, at *2 (S.D. Ohio Aug. 24, 2010). Other courts have also granted summary or default judgment to the government based on similar evidence. *E.g, United States v. Novelli*, Case No. SA CV 14-0018-DOC (AN), 2016 WL 6995356, at *3 (C.D. Cal. Aug 30, 2016) ("Plaintiff has provided account transcripts showing a series of tax assessments were made beginning January 5, 2004 and provided an affidavit from an internal revenue agent certifying the transcripts are correct. . . . These transcripts and declarations provide a sufficient evidentiary foundation."); *United States v. Belzner*, Civil No. WDQ-13-2414, 2014 WL 1344187, at *3 (D. Md. April 3, 2014) ("[t]he Government has supported its motion [for default judgment] . . . with the Strong declaration,

---

[3] For the same reason, the Court **DENIES** Defendants' motion to dismiss, ECF No. 30.

Certificates of Official Record (Form 2866), and IRS Account Transcripts. Accordingly, the Government has supported its claim for unpaid federal income taxes, penalties, and statutory interest . . . ." (citations omitted)), *R&R adopted by* 2014 WL 2153938; *United States v. Goodman*, 527 F. App'x 697, 699 (10th Cir. 2013) (sworn declaration by IRS revenue officer and IRS Transcripts sufficient to establish Government's *prima facie* case); *United States v. Bennett*, No. 8:09-CV-1952-T-27-TGW, 2011 WL 7090744, at *2 (M.D. Fl. June 7, 2011) ("Transcripts of account that identify the taxpayer by name, address and social security number, specify that the tax liability pertains to federal income tax payments, identify each tax year for which a liability has been assessed, and provide the date and amount of each assessment, payment, credit, penalty and accrued interest satisfy the requirements of 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1. A transcript of account that is authenticated and signed by a IRS officer who certifies that the transcript is a 'true literal Transcript of Account showing assessments and payments' for the taxpayer for each relevant tax year, it is evidence of the fact and amount of the assessment." (citations omitted)); *United States v. Henry*, No. 8:09-cv-1963-JDW-TBM, 2010 WL 299249, at *2 (M.D. Fl. Jan. 21, 2010) (accepting declaration of IRS officer and Account Transcripts as sufficient to prove Government's *prima facie* case that tax assessments were valid and enforceable); *Shelter Mut. Ins. v. Gregory*, 555 F. Supp. 2d 922, 932 (M.D. Tenn. 2008) ("[C]ourts have routinely determined the validity of tax assessments based on certified transcripts reflecting the same assessments." (citations omitted)); *United States v. Guerriero*, No. Civ. A. 04-3958(MLC), 2006 WL 231599, at *2 (D. N.J. Jan. 30, 2006) ("The United States has

submitted the declaration of . . . a Technical Services Advisor for the IRS, to attest to the assessments listed *supra*. Accompanying his declaration are copies of the "literal transcripts" itemizing the tax assessments for the various years. Thus, the United States has met its burden of demonstrating prima facie entitlement to summary judgment in its favor." (citations omitted)). This Court likewise finds that the evidence presented by Plaintiff is sufficient to establish its *prima facie* case, and Defendants offer no evidence to refute the validity of the assessments at issue.

Finally, Defendants contest the IRS's "assessment authority," arguing that 26 U.S.C. § 6201 authorizes the Secretary to assess only taxes that are "duly paid by stamp." This argument is not well taken. 26 U.S.C. § 6201 authorizes and requires the Secretary to "make the inquiries, determinations, and assessments of all taxes . . . imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law." The assessment authority specifically extends to taxes determined on a tax return. 26 U.S.C. § 6201(a)(1). The plain language of the reference to taxes duly paid by stamp is an *exception* to the taxes that can be assessed—the Secretary cannot assess taxes which have been duly paid by stamp. Defendants' argument to the contrary has been rejected. *See In re Myrland*, 209 B.R. 524, 526 (Bankr. W.D. Wash. 1997) ("[T]he argument that 26 U.S.C. §6201 allows assessment only of taxes payable by stamp is a strained construction of the statutory language, unsupported by authority . . . .").

Because the declaration and transcripts offered by Plaintiff are sufficient to establish its *prima facie* case, and because Defendants have not rebutted the

validity of the assessment with any evidence, the Court **GRANTS** summary judgment to Plaintiff.

Additionally, Plaintiff seeks to enforce its liens against Defendants' property located at 1281 East Fork Road, Lower Salem, OH 45745 ("the Property"), described more fully in the Warranty Deed attached as Exhibit 14, through a judicial sale of the Property.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

Further,

> [i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403. Once such a case has been filed, and any person who has a lien or claims an interest in the property is made a party thereto,

> [t]he court shall . . . proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c).

Pursuant to §§ 6321 and 7403, liens in the amounts and for the tax years described above have attached to Defendants' respective interests in the Property.[4] Notices of the federal tax liens were filed with the Recorder of Washington County. Exs. 18, 19, ECF Nos. 33-20—33-21. Defendants jointly own the Property. Exs. 13–17, ECF Nos. 33-15—33-19. As the Court has found in Plaintiff's favor on the merits of its claim, the Court enforces Plaintiff's federal tax liens through a judicial sale of the Property and notes that, even considering only Defendants' joint liability, Plaintiff has a lien worth $73,956.30 on the Property, which Plaintiff expects will exceed the sale price.

Defendants granted nominal defendant Triad Hunter, LLC a leasehold interest in the Property on February 5, 2014, which interest was recorded with the Recorder of Washington County on March 14, 2014. Ex. 20. Plaintiff represents that Triad Hunter, LLC does not oppose Plaintiff's motion. Mot., ECF No. 33. Moreover, Plaintiff represents that the State of Ohio Department of Taxation does not oppose Plaintiff's motion. *Id.* Washington County has not responded to the motion.

For the reasons addressed above, the Court finds Plaintiff's motion for judicial sale well taken and **GRANTS** the same.

---

[4] The Court rejects out of hand Defendants' only argument with respect to the judicial sale of property—that Plaintiff is attempting to "convert non-negotiable 'notices' of lien into negotiable 'liens' by way of manipulations in the recording mechanism." Resp. 4, ECF No. 37.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**, and Defendants' motion to dismiss is **DENIED**. It is **ORDERED, ADJUDGED, AND DECREED** that judgment is entered as follows:

1. Judgment is entered in favor of the United States of America against Launce B. Kramer, individually, for unpaid income taxes, penalties, and interest for the 1999, 2006, 2007, 2008, and 2009 taxable years, and unpaid 26 U.S.C. § 6702 penalties for the 1999, 2006, 2007, and 2012 taxable years, in the amount of $ 182,605.80, plus statutory additions from and after December 1, 2015, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c) until judgment is satisfied;

2. Judgment is entered in favor of the United States of America against Launce B. Kramer and Carmen C. Kramer, jointly and severally, for unpaid income taxes, penalties, and interest for the 2010 and 2011 taxable years in the amount of $73,956.3, plus statutory additions from and after December 1, 2015, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c) until judgment is satisfied; and

3. The federal tax liens securing the above-referenced liabilities have attached to the Property, and the United States may enforce its liens against the Property, through the judicial sale of the Property[5] free and

---

[5] Plaintiff states that Launce sold a portion of the Property to David M. Hawkins via a General Warranty Deed that was recorded in Washington County in 1999. Ex. 16. Plaintiff may not enforce its lien against the property sold to third-party David M. Hawkins and does not intend to do so.

clear of all rights, title, liens, claims, and interests, including any rights of redemption, of the Plaintiff and Launce B. Kramer, Carmen C. Kramer, State of Ohio, Washington County, and Triad Hunter, LLC, but subject to the lease from Launce B. Kramer and Carmen C. Kramer to Triad Hunter, LLC, which was dated February 5, 2014, and recorded on March 14, 2014, with the Washington County Recorder at Volume 561, Page 757, with proceeds of such sale to be distributed, after the payments of the costs of sale and any local real estate taxes due and owing as permitted by 26 U.S.C. § 6323(b)(6), to the United States.

The Court **ORDERS** the United States to file a proposed order for a sale of the Property which indicates the proposed distribution of proceeds of such sale between Defendants.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**